**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| JAMES M. VANDENBERG, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 2:13-CV-00160-RWS |
| DEREK QUINLAN, *individually* | : |
| *and as guarantor*, | : |
| Defendant. | : |

## **ORDER**

This case comes before the Court on Defendant Derek Quinlan's Motion to Dismiss [30]. After reviewing the record, the Court enters the following Order.

### **Background**

In 2001, Plaintiff James Vandenberg entered into an employment agreement with Barber Creek Land Co. ("BCLC"). (Am. Compl., Dkt. [23]).[1] In 2004, Plaintiff entered into another employment agreement ("Employment Agreement") with BCLC, which superseded the former contract. The

---

[1] Unless otherwise indicated, all facts are taken from the Plaintiff's Amended Complaint.

AO 72A
(Rev.8/82)

Employment Agreement identified Plaintiff as the Chief Executive Officer ("CEO") of BCLC and contained details about Plaintiff's salary, annual bonuses, and long term bonuses.

The Employment Agreement also named Defendant as guarantor for payments owed to Plaintiff by BCLC. However, under the guaranty clause of the Agreement, Defendant would be released from his obligation as guarantor if Plaintiff continued working for BCLC for more than thirty days after a change in Plaintiff's duties or a change in control of BCLC. On July 15, 2011, Plaintiff was not paid his salary. Taking this as evidence of a change in control at BCLC, Plaintiff vacated his office and terminated his employment relationship with BCLC that same day.

Plaintiff filed this breach of contract action in the Superior Court of Barrow County on March 22, 2013. The case was removed to this Court on July 17, 2013, pursuant to 28 U.S.C. § 1332. (Notice of Removal, Dkt. [1]).

## Discussion

### I. Motion to Dismiss Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to

2

relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

3

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers material outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d). However, documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c). Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim. D.L. Day, 400 F.3d at 1276. At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). "'Undisputed' means that the authenticity of the document is not challenged." Id.

## II.   Analysis[2]

After reviewing the Amended Complaint and the attached Employment Agreement, the Court finds Plaintiff has asserted sufficient factual allegations to

---

[2] Defendant filed an earlier motion to dismiss [18] in response to Plaintiff's original complaint.  After Plaintiff amended his complaint, Defendant filed the motion now before the Court [30].  Thus, the earlier motion is moot.

4

support a claim for breach of contract against Defendant. Plaintiff claims Defendant breached his obligation as guarantor by not tendering payments owed to Plaintiff by BCLC. (Am. Compl., Dkt. [23] ¶ 10). Under the Employment Agreement, Defendant's obligation as guarantor was released if a "Change of Control or Change of [Plaintiff's] Duties" occurred and Plaintiff continued working under the Employment Agreement more than thirty days after the change. (Employment Agreement, [1-2] at 24 of 42).

Plaintiff alleges he performed the duties of CEO from November 6, 2001 until July 15, 2011. (Am. Compl., Dkt. [23] ¶¶ 5, 12, 18). Plaintiff also alleges a change of control occurred on July 15, 2011, but he vacated his office that same day. (Id. at ¶ 14). Finally, Plaintiff alleges he has not received payments owed to him by BCLC under the Employment Agreement.[3] (Id. at ¶ 12). Therefore, construing the allegations in a light most favorable to Plaintiff, the Court finds

---

[3] The Court acknowledges Defendant's argument regarding future, conditional bonuses in the Employment Agreement. However, the Agreement arguably provides for some definite bonuses. For example, after describing the general process by which Plaintiff could earn future long term bonuses, the 2004 Employment Agreement states: "Executive and Company agree, and each hereby acknowledges to the other party hereto, that Executive is to receive the full [long term bonus] of $240,000 for calendar years 2002 and 2003, subject to the other terms and conditions of this Agreement."  (Employment Agreement, [1-2] at 13 of 42).

5

Plaintiff has stated a plausible breach of contract claim. Accordingly, Defendant's Motion to Dismiss [30] is **DENIED**.

However, the Court sympathizes with Defendant's argument about the scattered and confusing nature of Plaintiff's Amended Complaint, which purports to include various documents, exhibits, and affidavits appearing throughout the docket. Defendant is entitled to a concise and direct statement of Plaintiff's allegations. FED. R. CIV. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."). Therefore, Plaintiff is **ORDERED** to amend the Amended Complaint, within 14 days of the entry of this Order, to consolidate his allegations in a single pleading and present his allegations in a direct and concise fashion. Attachments to the amended pleading should be limited to undisputed documents that are central to Plaintiff's claim.

## Conclusion

Based on the foregoing, Defendant's First Motion to Dismiss [18] is **DENIED as moot** and Defendant's Second Motion to Dismiss [30] is **DENIED**. Plaintiff is **ORDERED** to file a Second Amended Complaint, within 14 days of the entry of this Order, containing direct and concise statements of

all allegations against Defendant. Defendant shall file his responsive pleading to the Second Amended Complaint within 14 days after the Second Amended Complaint is filed.

**SO ORDERED** this  16th  day of July, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE